1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9    THOMAS TOOMEY,

10                          Plaintiff,

11           v.

12    MARK STRONG,

13                          Defendant.

CASE NO. 3:16-CV-05554-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: August 12, 2016

14

15    The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United

16    States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Thomas

17    Toomey's Response to the Court's Order to Show Cause. Dkt. 5.[1] In his Response, Plaintiff

18    requests his Complaint be withdrawn with the option of re-filing at a later date. Dkt. 5. The Court

19    interprets the Response as a Motion for Voluntary Dismissal ("Motion"). The undersigned

20    recommends Plaintiff's Complaint be dismissed without prejudice pursuant to Rule 41(a)(1) of

21    the Federal Rules of Civil Procedure.

22

23

24

---

[1] Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") is also pending in this case. Dkt. 2. As the Court finds this case should be dismissed, the Court recommends the Motion for Leave to Proceed IFP be denied as moot.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

On June 29, 2016, this Court ordered Plaintiff to show cause why his Motion to Proceed *In Forma Pauperis* ("IFP") should not be denied or, in the alternative, pay the $400.00 filing fee by July 29, 2016. Dkt. 4. In response to the Order to Show Cause, Plaintiff filed the Motion requesting his Complaint be withdrawn. Dkt. 5. As Plaintiff has not been granted IFP status or paid the $400.00 filing fee, the Complaint has not been served.

**DISCUSSION**

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

Plaintiff requested the dismissal prior to Defendant filing an answer or summary judgment motion. The Court also finds Plaintiff has not previously dismissed an action based on the same claim. Therefore, the Court recommends Plaintiff's Motion (Dkt. 5) be granted pursuant to Rule 41(a)(1).

**CONCLUSION**

For the foregoing reasons, the Court recommends Plaintiff's Complaint be dismissed without prejudice and the Motion for Leave to Proceed IFP be denied as moot.

1          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2    fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3    6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

4    review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

6    August 12, 2016, as noted in the caption.

7          Dated this 21st day of July, 2016.

8

9    _____
    David W. Christel
10       United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24